Cite as 2021 Ark. 225

# SUPREME COURT OF ARKANSAS

No. CV-21-233

| | |
|---|---|
| | **Opinion Delivered:** December 2, 2021 |
| JAMES PEVETO | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-4520] |
| APPELLANT | |
| V. | |
| | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| STATE OF ARKANSAS; ARKANSAS GAME AND FISH COMMISSION; AND PAT FITTS, AS DIRECTOR OF THE ARKANSAS GAME AND FISH COMMISSION | |
| | AFFIRMED. |
| APPELLEES | |

**BARBARA W. WEBB, Justice**

James Peveto appeals from an order of the Pulaski County Circuit Court that dismissed his complaint for declaratory and injunctive relief. On appeal, Peveto argues that the circuit court erred by ruling that there is no conflict between Arkansas Game and Fish Commission Regulation N1.03(B)(3)(i)(b), Regulation 1.00-C defining the term "zone," and amendment 35 section 8 of the Arkansas Constitution. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(1) as it involves interpretation or construction of the Arkansas Constitution.

On February 1, 2020, Peveto was boating on a part of the White River designated by the Arkansas Game and Fish Commission (AG&FC) as the "Bull Shoals Tailwater Special

Regulation Area" and the "Bull Shoals Dam Catch-and-Release Area." Two individuals in Peveto's boat were fishing. AG&FC wildlife officers stopped the boat and inspected the fishing poles of the two individuals. The wildlife officers discovered barbs on two of the four hooks that were being used by the fishermen. The officers issued Peveto a citation for aiding and abetting the two individuals in his boat who were violating AG&FC Regulation N1.03(B)(3)(i)(b), which prohibits using barbed hooks in the designated areas.

On August 17, 2020, Peveto filed a complaint seeking declaratory judgment that Regulation N1.03(B)(3)(i)(b) and Regulation 1.00-C, which define the term "zone," are unconstitutional because they are in direct conflict with amendment 35, section 8 of the Arkansas Constitution. The complaint averred that Regulation 1.00-C defines the term "zone" as "[a]n area defined by the [AG&FC] where hunting or fishing activities are regulated." It further asserts that amendment 35, section 8 provides that the AG&FC shall have authority to divide the state into zones and to regulate seasons and manner of taking game, and fish and furbearing animals therein, and to fix penalties for violations, but further provides that "no rule or regulation promulgated by the Commission shall apply to less than a complete zone, unless temporarily in case of extreme emergency." Alternatively, Peveto asked the circuit court to declare that AG&FC was acting "unlawful[ly] or ultra vires" in prosecuting him under an unconstitutional regulation. Peveto also sought to permanently enjoin his prosecution for violating what he claimed is an unconstitutional regulation.

AG&FC moved to dismiss Peveto's complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. It asserted that Peveto had failed to state facts necessary

to support a cause of action for the declaratory relief requested. However, its rationale for disposing of Peveto's complaint centered on the constitutionality of the regulation.

The circuit court found that "the language in both the agency rules and the constitution is clear and unambiguous and is, therefore, according to the rules of statutory construction, to be given its plain and ordinary meaning. It is the court's determination there is no conflict between the subject Game & Fish regulations and the Arkansas Constitution." On this basis, it dismissed Peveto's complaint. Peveto timely appealed.

We note first that declaratory-judgment actions concerning the validity of an agency rule are governed by Arkansas Code Annotated section 25-15-207 (Repl. 2014), which states:

> (a) The validity or applicability of a rule may be determined in an action for declaratory judgment if it is alleged that the rule, or its threatened application, injures or threatens to injure the plaintiff in his or her person, business, or property.
>
> (b) The action may be brought in the circuit court of any county in which the plaintiff resides or does business or in Pulaski County Circuit Court.
>
> (c) The agency shall be made defendant in that action.
>
> (d) A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

Accordingly, even though the circuit court purportedly dismissed Peveto's complaint pursuant to Rule 12(b)(6), it nonetheless satisfied the requirements of section 25-15-207 by construing amendment 35 and the AG&FC regulations. We therefore consider Peveto's argument on the merits.

Succinctly stated, the issue before us is whether AG&FC's regulations banning barbed

3

hooks for fishing within the "Bull Shoals Tailwater Special Regulation Area" and the "Bull Shoals Dam Catch-and-Release Area" comport with the authority vested in the AG&FC by amendment 35, section 8. Specifically, our task is to determine whether the regulations are constitutional because they are applied to properly designated "zones," or whether the rules are unconstitutional because AG&FC is improperly regulating areas that are "less than a complete zone." *See* Ark. Const. amend. 35, § 8.

Peveto argues that the regulations in question are unconstitutional because they only apply to the "special regulation area" defined as the "Bull Shoals Dam Catch-and-Release Area." He contends that this is a "tiny area of the White River, located within another area defined by AG&FC as the Bull Shoals Tailwater." Peveto urges this court to find significant that "neither of these areas have ever been defined individually or collectively as a 'Zone.'" Further, he argues that the definition of "zone" in AG&FC Regulation 1.00-C, "An area defined by the commission where hunting or fishing activities are regulated," "eviscerate[s] an entire sentence of the Arkansas Constitution." He contends that if the definition is accepted by this court, it would be logically impossible for any rule or regulation to ever apply to less than a complete zone. Furthermore, Peveto asserts that AG&FC Regulation N1.03 covers several special regulation areas that are, in fact, areas smaller than a complete zone, which is in direct violation of amendment 35, section 8, and thus, unconstitutional. We are not persuaded.

It is this court's responsibility to decide what a constitutional provision means. *State v. Oldner*, 361 Ark. 316, 206 S.W.3d 818 (2005). Accordingly, we review a lower court's

construction de novo. *Id.*

In *Magruder v. Arkansas Game & Fish Commission*, 293 Ark. 39, 32 S.W.2d 849 (1987), this court held that the size of a zone is not specified in amendment 35. The *Magruder* court further noted, "[T]he [C]ommission could make every acre in Arkansas a separate zone. So long as the [C]ommission did so with demonstrable justification related to its constitutionally-defined purposes, the zones would not be illegal." *Id.* at 42, 32 S.W.2d at 851. In the case before us, Peveto only challenges the small size of the regulatory area without addressing AG&FC's justification for the restrictions. This omission is fatal to his argument. We hold that the regulation at issue and amendment 35 do not conflict. Further, our holding is consistent with *Magruder*, *supra*. Accordingly, we affirm the circuit court.

Affirmed.

WOMACK, J., concurs.

**SHAWN A. WOMACK, Justice, concurring**. I agree with the majority's conclusion that the circuit court properly dismissed Peveto's lawsuit. However, as state actors, Appellees are afforded the protections found in article 5, section 20 of our state's constitution. Accordingly, I would dismiss on the basis of sovereign immunity.

I respectfully concur.

*The Law Office of Steven L. Grady, PLLC*, by: *Steven L. Grady*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Mosley* and *Reid P. Adkins*, Ass't Att'ys Gen.; for appellee State of Arkansas.

*James F. Goodhart*, *John P. Marks*, and *Christian N. Parks*, Arkansas Game and Fish

5

Commission, for appellee Arkansas Game and Fish Commission.